**ALL CONVENIENT SPEED.**

## HERNDON *v.* HOWARD.

Where an appellant in this court becomes bankrupt after his appeal taken, his assignee in bankruptcy upon the production of the deed of assignment of the register in bankruptcy, duly certified by the clerk of the proper court, may, on motion, be substituted as appellant in the case.

IN this case Herndon had taken an appeal from the Circuit Court for the Western District of Texas; and after doing so had become bankrupt. His assignee in bankruptcy—one Masterson—now moved to be admitted as a party appellant in the cause with the original appellant, Herndon.

His motion was supported by the production of the deed of assignment of the register in bankruptcy of the District Court of the United States for the Eastern District of Texas, in the matter of his bankruptcy to Masterson, duly attested by the clerk of the court. The motion was founded upon the fourteenth section of the Bankrupt Law, which provides that the assignee in bankruptcy may prosecute and defend in his own name all suits at law and in equity pending at the time of the adjudication of bankruptcy, in which the bankrupt is a party, in the same manner and with the like effect as they might have been prosecuted or defended by the bankrupt, and which makes a copy of the register's assignment, duly certified by the clerk of the proper court, conclusive evidence of the right of the assignee to sue.

The CHIEF JUSTICE delivered the opinion of the court.

The section of the Bankrupt Law relied on, we think, governs the present case. It seems to require that Masterson, the assignee, be substituted as appellant for Herndon, the bankrupt, who may be said to be *civiliter mortuus*, precisely as an executor or administrator would be made party instead of an appellant actually deceased; and an order will be

MADE ACCORDINGLY.