125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: KEN MIZUNO, Debtor.
Ken MIZUNO BANKRUPTCY ESTATE, a/k/a THE JAPANESE BANKRUPTCY
ESTATE OF KEN MIZUNO, Plaintiff-Appellant,
v.
Ken MIZUNO, Dominic P. GENTILE, Terrance G. REED,
Defendants-Appellees.
In re: KEN MIZUNO, Debtor.
KEN MIZUNO BANKRUPTCY ESTATE, Plaintiff,
and
DUKE SALISBURY, Chapter 11 Trustee, KENGO OHASHI,
Plaintiffs-Appellants,
v.
KEN MIZUNO, DOMINIC P. GENTILE, TERRANCE G. REED,
Defendants-Appellees.
 Nos. 96-55077, 96-55170, 96-55081, 96-55173, 96-55082.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1997
Decided Sept. 17, 1997.
 
 Appeal from the United States District Court for the Central District of California; No. CV-95-00917-LHM, CV-95-00918-LHM; Linda H. McLaughlin, District Judge, Presiding.
 Before: BROWNING, FLETCHER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 I.
 
 2
 Because Duke Salisbury has been appointed trustee of the Ken Mizuno bankruptcy estate, Kengo Ohashi cannot appeal the district court's holding that Ohashi lacked standing to initiate the action for violation of the automatic stay. See Moneymaker v. CoBen ( In re Eisen), 31 F.3d 1447, 1451 n. 2 (9th Cir.1994). Accordingly, we dismiss Ohashi from the appeal and substitute Salisbury.[1]
 
 II.
 
 3
 All assets and claims belonging to the estate passed to Salisbury when he was appointed trustee. Id. He, alone, had authority to decide whether to prosecute this appeal. Upon deciding to do so, he was required to secure the consent of this court to appear in this action. See Herndon v. Howard, 76 U.S. 664, 665 (1869); see also 2 Lawrence P. King, Collier on Bankruptcy § 323.02, at 323-9 (15th ed.1996). Salisbury has not filed a formal motion to substitute or intervene. However, we may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. See 11 U.S.C. § 105(a). The Bankruptcy Code gives Salisbury the authority to prosecute this appeal on behalf of the estate, id. § 323, and he has expressed a desire to do so. We treat Salisbury's notice of appeal as an implicit request to appear in this action and grant his request.[2]
 
 III.
 
 4
 The district court erred in revisiting the issue of whether Ohashi lacked standing to initiate the action for violation of the automatic stay. Mizuno did not appeal the bankruptcy court's order, issued October 7, 1992, denying him relief because it found that Ohashi could act as the debtor. That order is final. United States v. Ken Int'l Co., No. 95-10225, 1997 WL 229114, at * 1 (9th Cir. May 2, 1997). Mizuno concedes that if Ohashi could act as the debtor, he had standing to initiate the automatic stay action.
 
 
 5
 The collateral estoppel doctrine precludes Mizuno from relitigating this issue. See North Bonneville v. Callaway, 10 F.3d 1505, 1508 (9th Cir.1993). Ohashi's standing to initiate the action was at stake in the October 7 order; the issue of Ohashi's standing was actually litigated in that final order; the determination of Ohashi's standing was a necessary and critical part of that final order. Id.
 
 
 6
 Salisbury is not precluded from litigating Ohashi's standing. The district court's remand order was not final and appealable, see Starbuck v. City & Country of San Francisco, 556 F.2d 450, 457 n. 13 (9th Cir.1977), and reconsidering Ohashi's standing was within the scope of the remand. Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1404 (9th Cir.1993). But because the bankruptcy court's October 7, 1992 order has preclusive effect on Mizuno with respect to this issue, Salisbury need not relitigate it. We hold that the bankruptcy court's final order is the law of the case and that Ohashi had standing to initiate the action for the automatic stay violation. Since we conclude that Ohashi had standing to initiate the suit, and Salisbury properly succeeds to Ohashi's interests, we find that Salisbury has standing to continue the automatic stay action.
 
 IV.
 
 7
 The bankruptcy court did not err in holding Mizuno violated the automatic stay. We have held that "[a]ny property belonging to Mizuno became the property of the United States Mizuno Bankruptcy Estate as of June 1992."[3] Id. at * 2. The property of the bankruptcy estate includes the right to challenge the forfeiture of these pre-partition assets by filing a section 853(n) petition. See 11 U.S.C. § 541(a). Mizuno violated the automatic stay by usurping this right of the estate. See 11 U.S.C. § 362(a)(3).
 
 
 8
 Mizuno argues that he did not violate the automatic stay because the estate abandoned its right to file the section 853(n) petition. However, the bankruptcy estate did not follow any of the procedures outlined in 11 U.S.C. § 554 for abandoning its property. See also In re Prospero, 107 B.R. 732, 735 (Bankr.C.D.Cal.1989) (inaction by the bankruptcy trustee does not constitute abandonment).
 
 
 9
 We also reject Mizuno's claim that the automatic stay is inapplicable to a section 853(n) petition. Mizuno notes that the automatic stay does not bar "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). However, this court has held that a section 853(n) petition is civil in nature. United States v. Alcaraz-Garcia, 79 F.3d 769, 772-73 n. 4 (9th Cir.1996).[4]
 
 
 10
 Because the bankruptcy court did not err in finding Mizuno violated the automatic stay, and Mizuno has not shown that the bankruptcy court erred in awarding damages for this violation, we affirm both the bankruptcy court's finding of liability and its damage award.
 
 V.
 
 11
 The district court did not err in implicitly denying Mizuno's motion to recuse Judge Riddle. Mizuno lacks standing to appeal the denial of his motion because he can show no harm. Mizuno asked the district court to recuse Judge Riddle only from the adversary proceeding. The district court's order remanding the adversary proceeding with instructions to dismiss it could not have injured Mizuno.[5] Accordingly, we grant Salisbury's motion to dismiss Mizuno's appeal.
 
 
 12
 Ohashi's appeals, Nos. 96-55077 and 96-55082, are DISMISSED. Mizuno's appeals, Nos. 96-55170 and 96-55173, are DISMISSED. The district court's order holding Ohashi lacked standing to initiate the automatic stay action is REVERSED. The bankruptcy court's holding that Mizuno violated the automatic stay and its damage award are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We treat Ohashi as an amicus curiae
 
 
 [2]
 For this reason, we deny Mizuno's motion to dismiss Salisbury's appeal
 
 
 [3]
 This court rejected Mizuno's argument that because the acts giving rise to the forfeiture occurred before the bankruptcy estate was created, the forfeited property never became part of the bankruptcy estate. See Ken Int'l Co., 1997 WL 229114, at * 2
 
 
 [4]
 Also without merit is Mizuno's argument that the bankruptcy court should not have granted partial summary judgment because Ohashi filed his motion for leave to amend and his summary judgment at the same time. The amended complaint clarified the grounds on which Ohashi sought recovery but did not introduce new factual allegations or legal theories. Mizuno does not claim that he was prejudiced by Ohashi's actions. Nor did he file a Rule 56(f) affidavit seeking leave to conduct further discovery to respond to the amended complaint
 
 
 [5]
 Even assuming Mizuno had standing to appeal the denial of his recusal motion, the district court did not err in denying the motion. Judge Riddle's impartiality cannot reasonably be questioned. See 28 U.S.C. § 455; Liteky v. United States, 510 U.S. 540, 555-56 (1994)